FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 19 2013

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 12-1248 MV |
| ) | |
| **BRUCE HAMILTON**, ) | |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Pursuant to Rule 11, Fed. R. Crim. P., the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, BRUCE HAMILTON, and the Defendant's counsel, Michael V. Davis:

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

   a. to plead not guilty, or having already so pleaded, to persist in that plea;

   b. to have a trial by jury; and

   c. at a trial:

   1) to confront and cross-examine adverse witnesses,

    2)    to be protected from compelled self-incrimination,

    3)    to testify and present evidence on the Defendant's own behalf, and

    4)    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to count 8 of the superseding indictment charging a violation of 18 U.S.C. 2243(a), that being sexual abuse of a ward or minor.

## SENTENCING

4. The Defendant understands that the maximum penalty the Court can impose is:

    a.    imprisonment for a period of any term up to 15 years;

    b.    a fine not to exceed the greater of $250,000 or twice the pecuniary gain to the defendant or pecuniary loss to the victim;

    c.    a mandatory term of supervised release of not less than 5 years and not more than life that must follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

    d.    a mandatory special penalty assessment of $100.00; and

    e.    restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

6. The parties agree that, as part of the Defendant's sentence, the Court will enter an order of restitution pursuant to the Mandatory Victim's Restitution Act, 18 U.S.C. § 3663A.

7. The United States reserves the right to make known to the United States Pretrial Services and Probation Office and to the Court, for inclusion in the presentence report to be prepared under Federal Rule of Criminal Procedure 32 any information the United States believes may be helpful to the Court, including but not limited to information about any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> I, Bruce Hamilton, between August 1, 2010 and December 11, 2011, placed my mouth upon the vulva of Jane Doe. At the time Jane Doe was between the ages of 12 and 15, and I was more than 4 years older than her. I am not Native American by ancestry or enrollment, therefore not an Indian for purposes of federal law.

Jan Doe is registered member of the Navajo Nation therefore an Indian for purposes of federal law. Further, the building in which I committed a sex act with Jane Doe is located in New Mexico within the boundaries of the Navajo reservation is "Indian Country."

9. By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty. The Defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10. The United States and the Defendant stipulate as follows:

   a. The United States has made an AGREEMENT pursuant to Rule 11(c)(1)(C), Fed.R.Crim.P., that a specific sentence 2 years (24 months) to 5 years (60) months is the appropriate term of incarceration in this case. In addition, the Court may order a fine not to exceed $250,000.00, a term of supervised release of no less than five (5) years to life following imprisonment, a mandatory special penalty assessment and restitution. Defendant may not seek a downward departure, variance, or deviation of any kind from the agreed upon sentencing range. If the Court rejects this agreement to the specific sentence stated above, the Defendant shall have the right to withdraw his plea of guilty.

   b. If the Court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(C),

4

     the agreed disposition will be included in the judgment and the request binds the Court once the Court accepts the plea agreement.

  c. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

12. The Defendant understands that by pleading guilty, Defendant will be required to register as a sex offender upon Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and

that those requirements may apply throughout Defendant's life. The Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. Defendant shall comply with requirements to periodically verify in person Defendant's sex offender registration information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If Defendant resides in New Mexico following release from prison, Defendant will be subject to the registration requirements of the Sex Offender Notification and Registration Act, NMSA Chapter 29, Article 11A. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon Defendant's release from confinement following conviction.

13. As a condition of supervised release, Defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update Defendant's registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## WAIVER OF APPEAL RIGHTS

The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant

knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

14. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. Following sentencing, the United States will move to dismiss the remaining counts in the superseding indictment as to Bruce Hamilton.

   b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

15. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

16. The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

17. The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

18. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

19. This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding. This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 19th day of August, 2013.

STEVEN C. YARBROUGH
Acting United States Attorney

_____
JACOB A. WISHARD
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

I am BRUCE HAMILTON's attorney. I have carefully discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

_____
Michael V. Davis
Attorney for the Defendant

This Agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this Agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
BRUCE HAMILTON
Defendant

9